**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**WILLIAM A. RANDOLPH, INC.,**

      **Plaintiff,**                    **Case No. 2:06-cv-950**
                                      **JUDGE GREGORY L. FROST**
      **v.**                           **Magistrate Judge Mark R. Abel**

**GATOR CONSTRUCTION, INC.,**

      **Defendant.**

**OPINION AND ORDER**

This matter is before the Court for consideration of a motion to dismiss the third-party complaint (Doc. # 48), a memorandum in opposition (Doc. # 59), and a reply memorandum (Doc. # 62).  For the reasons that follow, the Court finds the motion not well taken.

**I.  Background**

The underlying dispute in this litigation arises from the alleged failure of a retaining wall system erected at Northpointe Center in Zanesville, Ohio.  In its Complaint, Plaintiff, William A. Randolph, Inc. ("WARI"), alleges that Defendant Gator Construction, Inc. ("Gator") breached an October 29, 2004 subcontract agreement and was negligent in its involvement with the retaining wall project.  (Doc. # 1.)  Via amended pleadings, Gator has in turn filed counterclaims against WARI for breach of the subcontract agreement, breach of contract, negligence, and negligent misrepresentation.  (Doc. # 27, at 7-12.)  Gator has also filed a third-party complaint asserting indemnification, contribution, and breach of contract against the following third-party defendants: Professional Services Industries; Unilock, Ohio; Risi Stone, Ltd.; engineer Gary P. Neffenger, Jr.; and Zaremba Group, LLC.  (Doc. # 27, at 12-13.)  Gator pled that Zaremba

1

Group, LLC is the developer of Northpointe Center and the supplier of various materials used in the retaining walls built for that project.

On June 11, 2007, Zaremba Group, LLC filed a motion to dismiss Gator's third-party complaint.  (Doc. # 48.)  Zaremba Group, LLC and Gator subsequently filed a stipulation substituting Zaremba Zanesville, LLC for Zaremba Group, LLC ("Zaremba Zanesville").[1]  (Doc. # 57.)  This stipulation mooted one of the grounds on which the motion to dismiss is predicated, leaving two remaining arguments.  Subsequently, Gator filed a memorandum in opposition (Doc. # 59), and Zaremba Zanesville filed a reply memorandum (Doc. # 62).  The motion is therefore fully briefed and ripe for disposition.

## II.  Discussion

### A.  Standard Involved

Federal Rule of Civil Procedure 12(b)(1) enables a defendant to raise by motion a "lack of jurisdiction over the subject matter."  In considering such a motion

> the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits.  However, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true.

*Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003) (citations omitted).  A plaintiff bears the burden of proving jurisdiction.  *Id.*; *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

### B.  Analysis

---

[1]  That stipulation included a signature line for a judicial officer.  (Doc. # 57, at 2.)  To the extent that such endorsement is necessary, the Court hereby approves that stipulation.

Zaremba Zanesville seeks dismissal of the third-party complaint against it for two basic reasons.  First, the company argues that Gator has no right to relief under Ohio law.  Second, Zaremba Zanesville asserts that the Court should decline to exercise supplemental jurisdiction because the pleading raises complex issues of state law.  The Court shall address each argument in turn.

In making its first argument, Zaremba Zanesville relies upon Ohio's economic loss doctrine.[2]  The Ohio Supreme Court has explained that this doctrine or rule, stated in a form relevant to the facts *sub judice*, establishes that "[i]n the absence of privity of contract no cause of action exists in tort to recover economic damages against design professionals involved in drafting plans and specifications."  *Floor Craft Floor Covering, Inc. v. Parma Cmty. Gen. Hosp. Ass'n*, 54 Ohio St. 3d 1, 560 N.E.2d 206, syllabus (1990).  *See also HDM Flugservice GmbH v. Parker Hannifin Corp.*, 332 F.3d 1025, 1029 (2003).

The economic loss doctrine is qualified, however.  Ohio courts have regarded the *Floor Craft* holding to be "limited to situations in which the parties had no direct interaction with one another."  *Three-C Body Shops, Inc. v. Welsh Ohio, LLC*, No. 02AP-523, 2003 WL 360958, at *4 (10th Dist. Ct. App. 2003) (citing *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.*, 83 Ohio App.3d 73, 76, 623 N.E.2d 134, 136 (10th Dist. Ct. App. 1993), *aff'd in part and rev'd in part*, 78 Ohio St. 3d 353, 678 N.E.2d 519 (1997); *Schoedinger v. Hess*, No. 99AP-1254, 2000 WL 739434 (10th Dist. Ct. App. 2000)).  Thus, where parties

---

[2]  Zaremba Zanesville's motion characterizes the purported inability to assert a claim as a jurisdictional defect and not a Fed. R. Civ. P. 12(b)(6) failure to state a claim upon which the Court can grant relief.  The distinction and propriety of each type of attack ultimately prove immaterial here because the third-party complaint survives either challenge.

have had extensive, direct interaction with one another, the economic loss doctrine will not preclude recovery.  *See id.*

Zaremba Zanesville argues that the doctrine applies here because WARI is the general contractor and Gator is the subcontractor, and privity exists between them.  Zaremba Zanesville asserts that it does not have a contract with Gator and that no privity exists between these companies.

In fact, Zaremba Zanesville specifically accuses Gator of lying in its pleading in an effort to create an implied if not express relationship.  The third-party complaint names (by subsequent stipulation) Zaremba Zanesville in each of its three counts, including the breach of contract count, and states in incorporated paragraphs that "Zaremba . . . was the supplier of certain materials for the construction of the retaining walls" and that "Zaremba failed to properly oversee the project and supply the proper materials for the construction of the retaining walls." (Doc. # 27, at 13 ¶¶ 6-7.)  This certainly implies that a relationship exists.

Cognizant of this effect, Zaremba Zanesville argues in its memorandum in opposition that these factual pleadings are vague assertions intended "to hint at some type of contractual relationship.  Yet no such relationship existed between the parties and no allegation was made of a contractual relationship with Zaremba in the First, Second or Third Count."  (Doc. # 62, at 2-3.)  Zaremba Zanesville concludes that Gator's pleading presents "nothing more than a red herring designed to create a question of fact to survive the Motion to Dismiss." (Doc. # 62, at 3.)

The problems with Zaremba Zanesville's analysis are twofold.  The first issue is that it asks this Court to ignore that which the Court must necessarily accept as true.  It may indeed be true that Zaremba Zanesville had no contractual duty to supply material, but that is not what the

pleading says.  The sole affidavit Zaremba Zanesville provides to support its motion is silent, or at best ambiguous, as to Zaremba Zanesville's role.  That document, an affidavit from Zaremba Group LLC Vice President and Zaremba Zanesville President Alton Sulin, provides in relevant part:

> 5.    The two Zaremba companies are completely separate legal entities.
> 6.    Zaremba Zanesville, LLC had a contract with Plaintiff for the subject construction project ("Project").
> 7.    Zaremba Group, LLC had no contract with Plaintiff for the Project.
> 8.    Zaremba Zanesville, LLC was a single entity LLC set up for the sole purpose of being the Owner/Developer of the Project.

(Doc. # 48-2, Sulin Aff. ¶¶ 5-8.)  The affidavit does not specify whether Sulin intended to designate WARI as the "Plaintiff" it references, but that is more likely than describing Third-Party Plaintiff Gator in such a way.  The contract is notably silent as to the existence of any other contracts entered into by Zaremba Zanesville.

The Sulin Affidavit is therefore of no use in resolving the motion's assertion of insufficient facts.  Because the Court is thus left with Zaremba Zanesville's on-the-pleadings argument that Gator has not alleged sufficient facts in the third-party complaint to create jurisdiction, the Court must take the allegations in Gator's pleading as true.  *Nichols*, 318 F.3d at 677.  That means that the Court must credit the facts as Gator presents them and accept the reasonable inference that Zaremba Zanesville and possibly others were to provide materials and that a relationship existed.

The second issue with Zaremba Zanesville's argument is that it mischaracterizes today's inquiry.  The Court is not concerned with whether *a question of fact* exists (as Zaremba Zanesville characterizes the analysis).  Rather, the Court is concerned with how affidavit evidence answers the factual question or, absent relevant material supplementing the pleadings,

whether a plaintiff has alleged sufficient facts in the complaint to create jurisdiction.  Necessarily and unavoidably accepting the facts as set forth in the third-party pleading[3] precludes this Court from saying that Gator cannot prove that a sufficient relationship exists to permit Gator to escape application of the economic loss doctrine.  The Court thus must permit Gator to proceed in this action.

This does not mean that Zaremba Zanesville will not perhaps ultimately prove correct and prevail later, at the summary judgment stage or at trial, when the parties must rely on evidence and not allegations.  It does mean, however, that the first prong of Zaremba Zanesville's motion must fail.

The final ground for dismissal upon which Zaremba Zanesville relies is that this Court should decline to exercise supplemental jurisdiction because the third-party complaint raises novel or complex issues of state law.  Once having declined supplemental jurisdiction, Zaremba Zanesville reasons, the Court lacks any other grounds for jurisdiction because Zaremba Zanesville and Gator are both Ohio residents, which means that there is no basis for diversity jurisdiction to retain the state law claims.

Zaremba Zanesville is indeed correct that the Court may decline to exercise supplemental jurisdiction when a claim raises a novel or complex issue of state law.  28 U.S.C. § 1367(c)(1).  But this is a discretionary decision.  Even assuming arguendo that the state law issues this case presents are somewhat complex–an arguable proposition–they are not so novel or complex that

_____

[3] Zaremba Zanesville argues in its reply memorandum that Gator's memorandum in opposition attempts to inject factual allegations not in the third-party complaint.  Today's analysis relies only on the factual allegations of the pleading because that is all that is relevant before the Court.

6

concern for federalism outweighs concerns for judicial economy, convenience, and fairness. Ohio courts have addressed the broad issues involved here, and it appears at this time that this Court will be simply following as opposed to suggesting the applicable state law.  The Court therefore elects to exercise its supplemental jurisdiction here.  *See Hutchison v. Crane Plastics Mfg., Ltd.*, No. 2:06-CV-297, 2006 WL 3346117, at *8 (S.D. Ohio Sept. 28, 2006) (declining to remand state law claims because "[a]t this stage of the case, it does not appear that plaintiff's claims involve novel or complex issues of state law").

### III.  Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss.  (Doc. # 48.)

**IT IS SO ORDERED**.

_____/s/ Gregory L. Frost_____
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE